NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-16703 |
| Plaintiff-Appellee, | D.C. Nos. 4:19-cv-00235-KAW |
| v. | 5:00-cr-20277-SVK-1 |
| CATALINO ORTIZ, AKA Marco Polo Rodriguez, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Susan van Keulen, Magistrate Judge, Presiding

Submitted May 13, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, MILLER, Circuit Judge, and RESTANI,***
Judge.

Catalino Ortiz ("Ortiz") seeks reversal of the district court's denial of his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

petition for a writ of error coram nobis. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo. *United States v. Kroytor*, 977 F.3d 957, 961 (9th Cir. 2020). The district court concluded that Ortiz was not entitled to coram nobis relief because his delay in filing the petition was not justified. We agree.

Ortiz is a Mexican citizen who in September 2000 pleaded guilty to possession of a false identification document with intent to defraud the United States, in violation of 18 U.S.C § 1028(a)(4). More than nineteen years later, Ortiz filed a petition for a writ of error coram nobis seeking to vacate his conviction on the grounds that he was denied effective assistance of counsel because his attorney did not advise him of the immigration consequences of his plea.

Coram nobis relief is an "extraordinary remedy" and should be granted "only under circumstances compelling such action to achieve justice." *Kroytor*, 977 F.3d at 961 (citation omitted). A petitioner is entitled to coram nobis relief only if he or she can provide a valid reason justifying the delay in challenging the conviction. *Id.* at 961 (citing *United States v. Kwan*, 407 F.3d 1005, 1012 (9th Cir. 2005)). Ortiz claims that his attorney's failure to advise him of the collateral consequences of his conviction and a recent change in the law justify his delay and entitle him to relief.

Neither reason excuses his delay in seeking to expunge his conviction. Ortiz relies on *Padilla v. Kentucky*, 559 U.S. 356 (2010) as a recent change in law to

excuse his delay.[1] *Padilla* does not apply retroactively to Ortiz's conviction. *Chaidez v. United States*, 568 U.S. 342, 358 (2013) ("[D]efendants whose convictions became final prior to *Padilla* therefore cannot benefit from its holding."). Furthermore, the relevant pre-*Padilla* rule under *Kwan* does not apply either because Ortiz does not allege that his attorney affirmatively misrepresented the immigration consequences of his conviction. *Kwan*, 407 F.3d at 1015–17 (holding that affirmative misrepresentations by defense counsel regarding immigration consequences could support ineffective assistance of counsel claims); *see also United States v. Chan*, 792 F.3d 1151, 1158 (9th Cir. 2015) (giving retroactive effect to the rule in *Kwan*). Thus, Ortiz's argument that his delay was justified by a recent change in applicable law is unpersuasive.

A petitioner who could have reasonably asserted the basis of a coram nobis petition earlier has no valid justification for delay, and therefore, is disqualified from receiving coram nobis relief. *Kroytor*, 977 F.3d at 961 (citing *United States v.*

---

[1] *Padilla* held that defense counsel's failure to advise a client about the potential immigration consequences of entering a guilty plea constitutes ineffective assistance of counsel under the Sixth Amendment. 559 U.S. at 374. *Padilla* was decided in 2010 and therefore, is not applicable "recently changed" law. *See Kroytor*, 977 F.3d at 961–963 (holding that a two-year delay based on uncertainty in the law was unjustified, and a one-year delay after an affirmative decision clarifying the law was unjustified, thus disqualifying a petitioner for coram nobis relief).

*Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007)). Ortiz provides no valid justification for his almost twenty-year delay in seeking to expunge his conviction. He states only that he was not aware that his conviction permanently barred him from gaining permanent resident status in the United States pursuant to 8 U.S.C. § 1182(a)(6)(C)(ii). In situations such as this one, relief may be denied because of unjustified delay where "the petitioner has delayed for no reason whatsoever[.]" *Kroytor*, 977 F.3d at 961 (quoting *Kwan*, 407 F.3d at 1013). Ortiz's delay appears to have resulted from his failure to exercise due diligence and is insufficient to warrant relief in these circumstances. *See Riedl*, 496 F.3d at 1007 (rejecting coram nobis relief where petitioner failed to demonstrate that "valid reasons exist for not attacking the conviction[s] earlier" based on precedent rejecting coram nobis petitions for unjustifiable delay) (alteration in original) (citation omitted). Accordingly, we affirm the district court's denial of Ortiz's petition for a writ of error coram nobis.

**AFFIRMED.**